UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDWARD WICKLAND,<br><br>Plaintiff,<br><br>v.<br><br>THE JUSTICE DEPARTMENT OF THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:17-cv-0933 MCE DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Michael Wickland, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about state court criminal proceedings.

I. Plaintiff's Application to Proceed In Forma Pauperis[1]

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma

---

[1] The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

1

pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

II.  Plaintiff's Complaint

On September 26, 2017, the undersigned issued an order finding plaintiff's complaint deficient and granting plaintiff leave to file an amended complaint. (ECF No. 7.) Although plaintiff has filed various letters and statements, plaintiff has not filed an amended complaint.[2] (ECF Nos. 8-11.) This action could be dismissed for this reason alone. See Local Rule 110; Fed. R. Civ. P. 41(b). Moreover, as noted in the September 26, 2017 order, plaintiff's complaint is deficient in several respects.

A.  Rule 8

Plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, plaintiff's complaint fails to allege a cause of action. Instead, the complaint generally consists of a two-page recounting of mistreatment plaintiff allegedly received pursuant to an arrest in Alabama. (Compl. (ECF No. 1) at 7-8.) The complaint, however, fails to assert a cause of action against a named defendant.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor

---

[2] On October 24, 2017, plaintiff filed a three-page document captioned "[AMENDMENT]." (ECF No. 9.) If plaintiff intended that document to serve as an amended complaint, plaintiff is advised that that document contains the same, if not additional, deficiencies as those found in the original complaint and discussed in the undersigned's September 26, 2017 order. In this regard, that document is devoid of factual allegations or identified claims.

3

does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

B. Statute of Limitations

The complaint makes a vague and conclusory allegation with respect to plaintiff's "rights" and the "Constitution of The United States of America Amendment VI." (Compl. (ECF No. 1) at 6.) Title 42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, it appears the only dates alleged in the complaint are "May 4, 2008," and "Talladega Alabama 2008." This action was filed on May 3, 2017. (ECF No. 1.)

C. Judicial Immunity

Although the "Justice Department of the United States of America," is listed in the complaint's capitation as the defendant, the only defendant identified in the complaint is "Williams E. Hollingsworth III, Circuit Judge, Talladega Talladega, Alabama." (Compl. (ECF No. 1) at 3.) "It is well established that state judges are entitled to absolute immunity for their judicial acts." Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing Pierson v. Ray,

386 U.S. 547, 553-54 (1967)).

A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). A judge will not be deprived of immunity because the action she took "was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. at 356. Moreover, a judge's jurisdiction is quite broad. "[T]he factors determining whether an act by a judge is a 'judicial' one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Partington v. Gedan, 961 F.2d 852, 866 (9th Cir. 1992) (quoting Stump v. Sparkman, 435 U.S. at 362); see also Mireles v. Waco, 502 U.S. 9, 13 (1991) (in determining whether judicial immunity applies, court looks to the "particular act's relation to a general function normally performed by a judge"); Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999).

III.     Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff should be granted further leave to amend. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the deficiencies found in the complaint and plaintiff's refusal to file an amended complaint, the undersigned finds that granting plaintiff further leave to amend would be futile.

CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's May 3, 2017 application to proceed in forma pauperis (ECF No. 2) be denied;

5

  2. Plaintiff's May 3, 2017 complaint (ECF No. 1) be dismissed without prejudice; and

  3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 22, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\wickland0933.dism.f&rs